a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| GREG SALARD #17730-006, Petitioner | CIVIL DOCKET NO. 5:25-CV-00466 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| USA ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Greg Salard ("Salard"). Salard is currently serving a federal sentence at the Federal Correctional Institution in Lompoc, California. However, he challenges a conviction and sentence imposed in the First Judicial District, Caddo Parish.

To determine whether the Petition is timely, Salard must AMEND.

### I. Background

Salard was convicted of the aggravated rape of a child younger than age 13 and sentenced to a mandatory term of life imprisonment. *See State v. Salard*, 54,877, p. 2 (La.App. 2 Cir. 5/3/23); 360 So.3d 1281, 1283, *writ not considered*, 2023-00858 (La. 2/6/24); 378 So.3d 749, *reconsideration denied*, 2023-00858 (La. 6/5/24); 385 So.3d 1153.

The Louisiana Second Circuit Court of Appeal affirmed the conviction and sentence on May 32, 2023. *Id.* The Louisiana Supreme Court did not consider the

writ application, as it was untimely filed under Louisiana Supreme Court Rule X, § 5(a). *Salard*, 378 So.3d at 750. The Supreme Court also denied reconsideration. *Salard*, 385 So.3d at 1153.

Salard seeks relief under § 2254 on the following grounds: (1) the trial court abused its discretion in admitting "other crimes, wrongs or acts" evidence into trial; (2) the trial court erred in granting the State's motion in limine; (3) he received ineffective assistance of counsel; and (4) prosecutorial misconduct deprived him of a fair trial. ECF No. 6.

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Because Salard's writ application was not timely filed in the Louisiana Supreme Court, his conviction became final on June 3, 2023, 30 days after the appellate court's ruling, when the time for seeking review in the Supreme Court expired. He generally had one year from that date within which to file a § 2254 Petition. Salard's Petition was filed almost a year after the limitations period expired.

The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limitations period.[2] *See* 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). Salard does not indicate that he filed an application for post-conviction relief in the trial court. If he did, he should amend to provide those details.

The limitations period may be equitably tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at

---

28 U.S.C. § 2244(d)(1). Salard does not allege the applicability of 2244(d)(1)(b), (c), or (d), and there is no indication from the record that any of those provisions apply to his case.

[2] However, any lapse of time before the proper filing of an application for post-conviction relief is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)).

811)). "It is appropriate where the petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted)). "[E]quitable tolling applies principally where the defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way." *Id.* (citing *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (citation omitted)).

Salard alleges that he could not have filed his state writ application within the 30 day time limit because he could not obtain the address to the Louisiana Supreme Court during that period due to his confinement in a federal correctional facility with limited access to the law library and periods of lockdown. ECF No. 6-1 at 36-37. But equitable tolling of the AEDPA period concerns the filing of a federal habeas petition, not state court proceedings.

Salard does not allege why his § 2254 Petition was not filed until April 2025. Salard should amend his Petition to state what, if anything, prevented him from filing his § 2254 Petition within one year of the finality of his conviction. He should also provide a copy of the documents he received from the appellate court and his attorney on May 11 and May 16, 2023. Finally, Salard must state whether he filed a state application for post-conviction relief and, if so, provide copies of any related documents.

4

### III.  Conclusion

Because Salard must provide additional details to determine the timeliness of his Petition, IT IS ORDERED that he AMEND the Petition as instructed within 30 days of the date of this Order.

SIGNED on Thursday, July 10, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE